Local Form 3015-1 (05/19)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Michelle Lynn Schintgen**
**James Richard Schintgen**

Case No. **18-43895**
CHAPTER 13 PLAN ☑ Modified
Dated: **February 10, 2021**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $ **18,250.00** .
2.2 After the date of this plan, the debtor will pay the trustee $ **600.00** per **Month** for **59** months, **beginning in February 2021**, for a total of $ **35,400.00** . The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee  **$14,000 in September, 2025**.
2.5 The debtor will pay the trustee a total of $ **67,650.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **6,765.00** [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly Payment | Number of payments | Total Payments |
|---|---|---|---|---|
| 4.1 | Ally Financial | | | $300.00 |
| | TOTAL | | | *$300.00 |

**\*Paid Ally Financial: $300.00**

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | Verizon Wireless | Cell Phone Contract |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| 6.1 | Affinity Plus Federal Credit Union | 2008 Harley Street Glide |
| 6.2 | Wright County Court Admin | Restitution |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|

|     | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|------------------:|-----------------|----------------------|--------------------|---------------:|
| 7.1 | Flagstar Bank | $402.34 | | | | $402.34 |
|     | TOTAL    |                   |                 |                      |                    | *$402.34 |

*Paid Flagstar Bank: $402.34

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|------------------------|-----------------|----------------------|--------------------|----------------|
|     | -NONE-   |                   |                        |                 |                      |                    |                |
|     | TOTAL    |                   |                        |                 |                      |                    | $0.00          |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amount except for secured claims of govern-mental units**): The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim amount | Secured Claim | Int. rate | Begin-ning in month # | Monthly payment | X Num of pmts. | = Plan pmts | + Adq. Pro. from Part 4 | Total payments |
|-----|----------|--------------|---------------|-----------|-----------------------|-----------------|----------------|-------------|-------------------------|----------------|
| 9.1 | Ally Financial | $21,934.00 | $19,075.00 | 7.25 | 1 | $ 306.36 | 59 | $24,079.30 | $300.00 | $24,379.30 |
|     | TOTAL    |              |               |           |                       |                 |                |             |                         | *$24,379.30    |

*Paid Ally Financial: $6,004.28

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|     | Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | X Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|-----|----------|--------------|-----------|----------------------|-----------------|---------------|-----------------|-------------------------|----------------|
|     | -NONE-   |              |           |                      |                 |               |                 |                         |                |
|     | TOTAL    |              |           |                      |                 |               |                 |                         | $0.00          |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|------|----------|-----------------|-----------------|----------------------|--------------------|----------------|
| 11.1 | Attorney Fees | $3,500.00 | $193.17 | 1 | 2 | *$3,500.00 |
| 11.2 | Attorney Fees (Post) | $500.00 | $133.72 | 3 | 2 | **$500.00 |
| 11.3 | Attorney Fees (Post) | $750.00 | $187.50 | 5 | 4 | $750.00 |
| 11.4 | Attorney Fees (Post) | $804.05 | $202.00 | 9 | 4 | $804.05 |
| 11.5 | Internal Revenue Service | $18,028.65 | Pro rata | Pro rata | Pro rata | ***$18,028.65 |
| 11.6 | MN Dept of Revenue | $6,126.31 | Pro rata | Pro rata | Pro rata | ****$6,126.31 |
|      | TOTAL    |                 |                 |                      |                    | $29,709.01     |

*Paid Attorney Fees: $3,113.66
**Paid Attorney Fees: $232.57
***Paid IRS: $1,344.49

****Paid MN DOR: $456.87**

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor         | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|------|------------------|-----------------|-----------------|----------------------|--------------------|----------------|
| 12.1 | MN Child Support | $13,101.00      |                 |                      |                    | $4,736.70      |
|      | TOTAL            |                 |                 |                      |                    | *$4,736.70     |

*Paid MN Child Support: $4,736.70**

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Estimated claim | Interest Rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | Total payments |
|----------|-----------------|------------------------|-----------------|----------------------|--------------------|----------------|
| -NONE-   |                 |                        |                 |                      |                    |                |
| TOTAL    |                 |                        |                 |                      |                    | $0.00          |

**Part 14. TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **1,657.65**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1   The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **2,859.00** .

14.2   The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **74,678.27** .

14.3   Total estimated unsecured claims are $ **77,537.27**  [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|   | Creditor | Description of Property (including complete legal description of real property) |
|---|----------|--------------------------------------------------------------------------------|
|   | -NONE-   |                                                                                |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | **MN Child Support: Debtors stimulus checks have been applied toward the arrears and an amount continues to be deducted from James's paychecks.  The proof of claim has been amended to reflect the amount paid by the trustee. The trustee will make no further disbursements on the claim.** |
|------|---|
|      | **A plan was confirmed in this case prior to the date of enactment of the Coronavirus Aid, Relief, and Economic Security (CARES) Act (March 27, 2020).  Pursuant to 11 U.S.C. Section 1329(d)(1), the plan has been extended beyond 60 months from the date the first payment was due to the trustee as the debtor has suffered a material financial hardship due to the COVID19 pandemic.** |
|      | **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.** |

|  | |
|---|---|
|  | **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim.  For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim.  Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtor(s) monthly statements and are authorized to speak to debtor about post-petition payments.** |
| **17.2** | |

| Class of Payment | | Amount to be paid |
|---|---|---:|
| Payments by trustee [Part 3] | $ | **6,765.00** |
| Home mortgages in Defaults [Part 7] | $ | **402.34** |
| Claims in Default [Part 8] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **24,379.30** |
| Secured claims excluded from § 506 [Part 10] | $ | **0.00** |
| Priority Claims [Part 11] | $ | **29,709.01** |
| Domestic support obligation claims [Part 12] | $ | **4,736.70** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **1,657.65** |
| TOTAL (must equal line 2.5) | $ | **67,650.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:   **/s/ Wesley W. Scott**
         **Wesley W. Scott 0264787**
         Attorney for debtor or debtor if pro se

Signed:   **/s/ Michelle Lynn Schintgen**
         **Michelle Lynn Schintgen**
         Debtor 1

Signed:   **/s/ James Richard Schintgen**
         **James Richard Schintgen**
         Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                                            Case No. 18-43895

Michelle Lynn Schintgen
James Richard Schintgen,

            Debtors.

---

**UNSWORN CERTIFICATE OF SERVICE**

---

      I, Sonja K. Quaintance, declare under penalty of perjury that on February 10, 2021, I caused to be served the Notice of Hearing and Motion, Memorandum in Support of Debtors Motion for Post-Confirmation Modification and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.


Dated: February 10, 2021                                                    /e Sonja K. Quaintance
                                                                                              Sonja K. Quaintance
                                                                                              Kain & Scott, P.A.

```
Label Matrix for local noticing          Ally Financial Inc.                      Flagstar Bank, FSB
0864-4                                   Riezman Berger, P.C.                     4500 Park Glen Road
Case 18-43895                            7700 Bonhomme, 7th Floor                 Suite 300
District of Minnesota                    St. Louis, MO 63105-1960                 St. Louis Park, MN 55416-4891
Minneapolis
Wed Feb  3 15:27:31 CST 2021

Minneapolis                              (p)AFFINITY PLUS FEDERAL CREDIT UNION    Ally Financial
301 Diana E. Murphy U.S. Courthouse      ATTN BANKRUPTCY DEPARTMENT               Attn: Bankruptcy Dept
300 South Fourth Street                  175 W LAFAYETTE FRONTAGE ROAD            Po Box 380901
Minneapolis, MN 55415-1320               SAINT PAUL MN 55107-1400                 Bloomington MN 55438-0901


Ally Financial                           Buckle                                   Bureaus Investment Group Portfolio No 15 LLC
PO Box 130424                            Comenity Bank                            c/o PRA Receivables Management, LLC
Roseville, MN 55113-0004                 PO BOX 659450                            PO Box 41021
                                         San Antonio TX 78265-9450                Norfolk VA 23541-1021


Capital One                              Capital One Bank (USA), N.A.             Capital One, N.A.
Attn: Bankruptcy                         PO Box 71083                             c/o Becket and Lee LLP
Po Box 30285                             Charlotte, NC  28272-1083                PO Box 3001
Salt Lake City UT 84130-0285                                                      Malvern PA 19355-0701


CareCredit                               Cavalry Portfolio Services               Cavalry SPV I, LLC
PO BOX 960061                            Attn: Bankruptcy Department              500 Summit Lake Drive, Ste 400
Orlando FL 32896-0061                    500 Summit Lake Ste 400                  Valhalla, NY 10595-2321
                                         Valhalla NY 10595-2322


Centracare                               (p)US BANK                               First Premier Bank
1406 6th Ave N                           PO BOX 5229                              Attn: Bankruptcy
Saint Cloud MN 56303-1900                CINCINNATI OH 45201-5229                 Po Box 5524
                                                                                  Sioux Falls SD 57117-5524


Flagstar                                 Flagstar Bank                            (p)FLAGSTAR BANK FSB
301 West Michigan Avenue, 4-50           Attn: Bankruptcy                         5151 CORPORATE DRIVE
Jackson MI 49201-2120                    5151 Corporate Drive                     MAIL STOP E 115 3
                                         Troy MI 48098-2639                      TROY MI 48098-2639


Freedom Road Financial                   Gurstel Law Firm, PC                     Internal Revenue Service
Attn: Bankruptcy Dept.                   6681 Country Club Drive                  Centralized Insolvency
10509 Professional Circle, Suite 202     Golden Valley MN 55427-4601              PO Box 7346
Reno NV 89521-4884                                                                Philadelphia PA 19101-7346


Kohls                                    Kohls/Capital One                        LVNV Funding, LLC
PO BOX 3084                              Kohls Credit                             Resurgent Capital Services
Milwaukee WI 53201-3084                  Po Box 3120                              PO Box 10587
                                         Milwaukee WI 53201-3120                  Greenville, SC 29603-0587


LVNV Funding/Resurgent Capital           MN  Dept of Revenue                      Midland Funding
Attn: Bankruptcy                         Attn:Denise Jones                        2365 Northside Dr Ste 300
Po Box 10497                             PO Box 64447                             San Diego CA 92108-2709
Greenville SC 29603-0497                 Saint Paul MN 55164-0447
```

| | | |
|---|---|---|
| Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Mn Child Sup<br>444 Lafayette Road<br>Saint Paul MN 55155-3846 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Portfolio Recovery<br>Po Box 41021<br>Norfolk VA 23541-1021 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Ramsey County Child Supp. Coll<br>121 Seventh PL E<br>Ste 4500<br>Saint Paul MN 55101-2119 |
| STATE OF MINNESOTA<br>DEPARTMENT OF REVENUE<br>PO BOX 64447<br>ST PAUL MN  55164 0447 | Synchrony Bank/ JC Penneys<br>Attn:  Bankruptcy Dept<br>Po Box 965060<br>Orlando FL 32896-5060 | Synchrony Bank/Care Credit<br>Attn:  Bankruptcy Dept<br>Po Box 965061<br>Orlando FL 32896-5061 |
| Synchrony Bank/Sams<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Synchrony Bank/Walmart<br>Attn:  Bankruptcy Dept<br>Po Box 965060<br>Orlando FL 32896-5060 | TD BANK USA, N.A.<br>C O WEINSTEIN & RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 |
| Target<br>Target Card Services<br>Mail Stop NCB-0461<br>Minneapolis MN 55440 | The Bureaus Inc<br>Attn: Bankruptcy<br>650 Dundee Rd, Ste 370<br>Northbrook IL 60062-2757 | US Bank<br>PO Box 789<br>Houston TX 77001-0789 |
| US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 | Verizon<br>by American InfoSource as agent<br>PO Box 248838<br>Oklahoma City, OK  73124-8838 | Verizon Wireless<br>Bankruptcy Dept<br>500 Technology Dr., Suite 500<br>Weldon Spring MO 63304-2225 |
| Victoria Secret<br>PO Box 659728<br>San Antonio TX 78265-9728 | (p)WELLS FARGO BANK NA<br>1 HOME CAMPUS<br>MAC X2303-01A<br>DES MOINES IA 50328-0001 | Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 |
| Wright County Court Admin<br>10 2nd St NW Rm 201<br>Buffalo MN 55313-2163 | James Richard Schintgen<br>450 Shore Acres Drive<br>Big Lake, MN 55309-9005 | Kyle Carlson<br>PO Box 519<br>Barnesville, MN 56514-0519 |
| Michelle Lynn Schintgen<br>450 Shore Acres Drive<br>Big Lake, MN 55309-9005 | Wesley W. Scott<br> Kain & Scott P A<br>13 7th Ave South<br>St Cloud, MN 56301-4259 | |

     The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
     by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Affinity Plus Credit U                (d)Affinity Plus Credit Union          (d)Affinity Plus FCU
175 W Lafayette Rd                    Attn: Bankruptcy Department            Attn: Tei P.
Saint Paul MN 55107                   175 W Lafayette Frontage Rd            175 W Lafayette Frontage Rd.
                                      Saint Paul MN 55107                    St. Paul, MN 55107


(d)Affinity Plus Federal Credit Union  Elan Financial Service                Flagstar Bank, FSB
Attn: Bankruptcy Dept                 Attn: Bankruptcy                       c/o Lakeview Loan Servicing, LLC
175 West Lafayette Frontage Road      4801 Frederica Street                  5151 Corporate Drive
St. Paul MN 55107                     Owensboro KY 42301                     Troy, MI 48098-2639


Portfolio Recovery                    (d)Portfolio Recovery Associates, LLC  (d)Portfolio Recovery Associates, LLC
Attn Bankruptcy                       C/O capital One Bank (usa), N.a.       c/o Best Buy
PO Box 41067                          POB 12914                              POB 12914
Norfolk VA 23541                      Norfolk VA 23541                       Norfolk VA 23541


(d)Portfolio Recovery Associates, LLC (d)Portfolio Recovery Associates, LLC  (d)Portfolio Recovery Associates, LLC
c/o Care Credit                       c/o Jc Penney Credit Card              c/o Sams Club
POB 12914                             POB 12914                              POB 12914
Norfolk VA 23541                      Norfolk VA 23541                       Norfolk VA 23541


(d)Portfolio Recovery Associates, LLC (d)Portfolio Recovery Associates, LLC  Wells Fargo Bank
c/o The Buckle                        c/o Walmart Credit Card                Attn: Bankruptcy Dept
POB 12914                             POB 12914                              Po Box 6429
Norfolk VA 23541                      Norfolk VA 23541                       Greenville SC 29606


End of Label Matrix
Mailable recipients    55
Bypassed recipients     0
Total                  55
```

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                                   Case No. **18-43895**
**Michelle Lynn Schintgen**
**James Richard Schintgen**
Debtor(s).

# SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☑ OTHER (PLEASE DESCRIBE:  **MOTION TO MODIFY POST-CONFIRMATION CHAPTER 13 PLAN**  )

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. [**individual debtors only**] If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. [**corporate and partnership debtors only**] I have been authorized to file this petition on behalf of the debtor.

Date: 1/18/2021

x *Michelle Schintgen*
Signature of Debtor1 or Authorized
Representative

**Michelle Lynn Schintgen**
Printed Name of Debtor 1 or
Authorized Representative

x *James Schintgen*
Signature of Debtor 2

**James Richard Schintgen**
Printed Name of Debtor 2